UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OZWEST, INC., <br><br> Plaintiff, <br><br> v. <br><br> JA-RU, INC., <br><br> Defendant. | No. 2:16-cv-1019 <br><br> COMPLAINT FOR PATENT INFRINGEMENT <br><br> JURY DEMAND |

Plaintiff Ozwest, Inc. ("Ozwest") alleges against Defendant Ja-Ru, Inc. ("Ja-Ru") as follows:

## I.   NATURE OF ACTION

1. Ozwest asserts patent infringement claims to remedy Ja-Ru's past and continued willful infringement of two Ozwest patents related to rocket-shaped toys.

2. Ozwest seeks injunctive relief, monetary damages, and attorneys' fees.

## II.   PARTIES

3. Ozwest is an Oregon company with its principal place of business Portland, Oregon.  Ozwest distributes high-quality toys for high-action play.

4. Ja-Ru is a corporation organized under the laws of the State of Florida.

COMPLAINT
(No. 2:16-cv-1019) - 1
DWT 29938590v2 0106703-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

### III.  JURISDICTION AND VENUE

5. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq*. The Court has original subject matter jurisdiction of such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Ja-Ru because it transacts business in the State of Washington and has committed acts of patent infringement in this judicial district, either directly or through its distributors, by selling or offering for sale products that are covered by the claims of the patents-in-suit.

7. Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

### IV.  OZWEST AND ITS PATENTS

8. On February 4, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. D698,872 (the "'872 patent"), entitled "Toy Projectile."

9. A true and correct copy of the '872 patent is attached as Exhibit A.

10. On January 8, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,348,789 (the "'789 patent"), entitled "Throwing toy with tail and in-line tab grip."

11. A true and correct copy of the '789 patent is attached as Exhibit B.

12. KMA Concepts Limited is the assignee of the '872 patent and the '789 patent (collectively, the "Asserted Patents").  KMA Concepts Limited licensed to Nuo Feng Industrial Co., Ltd. the right to use certain intellectual property, including the Asserted Patents, to design, develop, manufacture, offer for sale, sell and ship goods incorporating the Asserted Patents.  Under the licensing agreement, KMA Concepts Limited also granted to Nuo Feng Industrial Co., Ltd. the right to enforce the Asserted Patents and the right to delegate enforcement authority.  Nuo Feng Industrial Co., Ltd. then entered a distribution agreement with Ozwest, sublicensing to Ozwest the right to use the Asserted Patents in connection with distribution of products incorporating the Asserted Patents.  The distribution agreement also delegated to Ozwest the sole and exclusive right and responsibility to protect the Asserted Patents against infringement in the United States.

COMPLAINT
(No. 2:16-cv-1019) - 2
DWT 29938590v2 0106703-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

13. Ozwest sells products protected by some or all of the Asserted Patents.

## V.    DEFENDANT'S UNLAWFUL ACTIVITIES

14. Ja-Ru has been and is infringing the Asserted Patents by manufacturing, importing, using, selling and/or offering for sale in the United States rocket-shaped toys, including without limitation, a product known as Rocket Screamerz (the "Infringing Products") that infringe one or more claims of the Asserted Patents.

15. Ozwest and Ja-Ru are direct competitors.

16. Ja-Ru has sold and is selling the Infringing Products in the United States, directly and through distributors, and through other channels of trade.

17. Ja-Ru does not have a license, either exclusive or nonexclusive, to make, use, sell, or offer to sell products covered by the Asserted Patents.

## VI.   CLAIMS

**COUNT I – PATENT INFRINGEMENT**
Infringement of the '872 Patent

18. Ja-Ru's acts constitute infringement on the claim of the '872 patent in violation of 35 U.S.C. § 271.

19. Ozwest has been and continues to be damaged by Ja-Ru's infringement in an amount to be proven at trial and in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. Ja-Ru's actions have injured, and will continue to injure, Ozwest's business, market, reputation, and goodwill.

20. Ja-Ru's unlawful acts of infringement of the '872 patent will continue unless enjoined by this Court.

**COUNT II – PATENT INFRINGEMENT**
Infringement of the '789 Patent

21. Ja-Ru's acts constitute infringement on one or more claims of the '789 patent, including without limitation, claim 13, in violation of 35 U.S.C. § 271.

22. Ozwest has been and continues to be damaged by Ja-Ru's infringement in an amount to be proven at trial and in a manner that cannot be fully measured or compensated in

COMPLAINT
(No. 2:16-cv-1019) - 3
DWT 29938590v2 0106703-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

economic terms and for which there is no adequate remedy at law. Ja-Ru's actions have injured, and will continue to injure, Ozwest's business, market, reputation, and goodwill.

23. Ja-Ru's unlawful acts of infringement of the '789 patent will continue unless enjoined by this Court.

## VII.   JURY TRIAL DEMAND

Ozwest demands a trial by jury of all issues so triable.

## VIII.   PRAYER FOR RELIEF

Ozwest respectfully requests the following relief:

A. An injunction prohibiting Ja-Ru, and all those acting in concert or participation with it, from further acts of infringement of the '872 patent;

B. An injunction prohibiting Ja-Ru, and all those acting in concert or participation with it, from further acts of infringement of the '789 patent;

C. An award to Ozwest of such damages as it can prove at trial against Ja-Ru sufficient to fully and adequately compensate Ozwest for the acts of infringement that have occurred, in an amount no less than a reasonable royalty;

D. An award to Ozwest for any damages so determined that are found for willful infringement, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

E. An award to Ozwest of costs and its reasonable attorneys' fees; and

F. Such other and further relief as this Court may deem just and proper.

COMPLAINT
(No. 2:16-cv-1019) - 4
DWT 29938590v2 0106703-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DATED this 30th day of June, 2016.

        Davis Wright Tremaine LLP
        Attorneys for Plaintiff

        By  s/Warren Rheaume
            Warren Rheaume, WSBA #13627
           s/Lauren Rainwater
            Lauren Rainwater, WSBA #43625
            1201 Third Avenue, Suite 2200
            Seattle, WA  98101-3045
            Telephone: 206.622.3150
            Fax: 206.757.7700
            E-mail: warrenrheaume@dwt.com
                      laurenrainwater@dwt.com

COMPLAINT
(No. 2:16-cv-1019) - 5
DWT 29938590v2 0106703-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax